## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRICE SIMPSON,

                Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS,
CENTURION HEALTH GROUP,
DR CORDOVA,
C/O NOVAK,
LATOYA HUGHES,
LAWRENCE CORRECTIONAL
CENTER,
J BROWN,
M. BURTON,
MAJOR VON,
MAJOR GILHETH,
MAJOR HENTON,
MAJOR GRANGER,
LT. HUNDLEY,
LT TAYLOR,
SGT. THOMPSON,
SGT. GIBBONS,
C/O ROBINSON,
JOHN DOE ASSOCIATIONS 1, 2, 3, and
JOHN DOES 1-4,

                Defendants.

Case No. 26-cv-00051-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

       Plaintiff Brice Simpson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, commenced this case by filing his Complaint in the Central District on January 15, 2026. The case was then transferred to this Court on January 20, 2026. On February 3, 2026, Plaintiff filed an Amended Complaint. (Doc. 12). The

Page 1 of 6

Court has reviewed the Amended Complaint pursuant to 28 U.S.C. §1915A and finds that Plaintiff has failed to state a claim.

The allegations in the Amended Complaint are hard to follow. From what the Court can discern, Plaintiff claims that sometime before 2014 his identity was stolen after his social security card and birth certificate were taken and given to military personnel for fraudulent purposes. (Doc. 12, p. 4). Then he seems to argue that in 2015, even though he pled guilty, he was wrongly charged and convicted of a sexual offense involving a minor in 2015. (*Id.* at p. 5, 9). He states that the DNA "that was found [was] not to be of the Plaintiff," and he asserts that the DNA evidence pointed to other individuals who were never identified at the time the sexual offense was committed. (*Id.*). He alleges that Defendants have violated his rights and subjected him to cruel and unusual punishment. (*Id.* at p. 2). He states that officials within the Illinois Department of Corrections have stolen his blood and that "by omission and the unexplained members and action of how the blood was obtained." (*Id.*). Plaintiff asks, "Who is liable of the [contamination] of blood and corruption of blood…and does it impose a specific intentions to violate the Plaintiff in a hateful manner by law enforcement to endanger the Plaintiff to enslave or continue the confinement by third party agency or the I.D.O.C. to have the same interest." (*Id.* at p. 8). After he was transferred to Lawrence Correctional Center in 2025, Plaintiff states he was profiled by Sergeant Thompson, and Correctional Officers Robinson and Novak confessed to "steeling the blood." (*Id.* at p. 9). According to Plaintiff, Sergeant Gibbons conspired to "take the blood in a corrupting manner." He states that Dr. Cordova fabricated mental health papers. (*Id.* at p. 10). Plaintiff asserts that an unknown officer confessed to raping his own son. (*Id.* at p. 10, 11, 12). He states that the correctional officers think of him as a sex offender, even though he is not, and they commence investigations against him to entrap him. (*Id.* at p. 11).

The remaining allegations are extremely difficult to read due to Plaintiff's handwriting,

and the use of long sentences that are nonsensical. For example, he writes:

> The incarceration of the Plaintiff constitution is violated based on grounds. That out weight the presumption that he is granted the right to be justified and sought the relief of the remedies. That the Plaintiff claims separates any previous charges from the burden of proof at the presumption of evidence that any clause or statue does not intervene with the actions of the defendants and erects civil justice between any individual, association, or agency…

(Doc. 12, p. 2). In another part, Plaintiff states:

> That law enforcement has agency guidelines that contends it's duty and power that reasons not to effect public interest and conspire to have disobedience to the law because of the ambition to seek hatred and listen to each other or criminal with criminal intent to be included and create logs from a michael "psycho mike," "Hustin, David, "Dlow" Galloway Morrison, or any other individual to violate the Plaintiff and the Illinois Supreme Court Rule 402 and 402A to fornicate the blood and stage criminal acts to gaslight the acts to record the perception….

(*Id.* at p. 16). And unfortunately, even Plaintiff's request for relief is unclear. Plaintiff asks the Court to "find the faults and on going action from the default judgment to to [enjoin] by required or permissive joinder of …that has violated or is from the violation by the agencies individual and that by demographics the real person for State of Illinois and County of Cook Count at Livingston is the true identity because of the …of identity fraud within in the claims." (Doc. 12, p. 18).

The Court finds that Plaintiff has failed to articulate facts to support any constitutional claim. Federal Rule of Civil Procedure 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a). It also requires each allegation to "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The purpose of the Rule is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As mentioned above, the Amended Complaint is confusing and illegible. It is not clear what Defendants actually did or did not do that

Plaintiff believes amounted to a constitutional violation. The Court cannot plausibly infer a claim based on allegations that Defendants "stole his blood" or "corrupted his blood" or committed "malpractice to the blood storage." (*Id.* at p. 8). Because the Amended Complaint does not give Defendants adequate notice of Plaintiff's claims, the Amended Complaint is dismissed without prejudice.

The Court further notes that it appears Plaintiff may be attempting to challenge his state court criminal conviction due to the use of false or fabricated DNA evidence. (*See* Doc. 12, p. 8). Plaintiff cannot raise claims under Section 1983 that would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *Heck v. Humphrey,* 512 U.S. 477, 484-487 (1994)). Thus, any such claim is dismissed.

Because the Court cannot make sense of the allegations or discern any viable claims, the Amended Complaint does not survive review under Section 1915A. The usual practice in civil cases is to allow defective pleadings to be corrected. *See Abu-Shawish v. United States,* 898 F.3d 726, 738 (7th Cir. 2018). Here, however, inviting Plaintiff to file another amended pleading would be an exercise in futility. Plaintiff's voluminous filings, comprised of the Complaint, Amended Complaint, and twenty-nine motions, all of which are predominantly unintelligible, demonstrate that Plaintiff would not produce a coherent and cogent pleading if granted another opportunity to replead his claims. Accordingly, the Court will not grant leave to amend. The Amended Complaint and this entire action are dismissed with prejudice.

### PENDING MOTIONS

Since this case was transferred to this district on January 20, 2026, Plaintiff has filed over three hundred pages of documents, including twenty-nine motions, exhibits, and a document titled "Execution for Money Judgment." The motions are either premature or frivolous. Given that the Amended Complaint and this entire case will be dismissed, the motions are **DENIED as moot**.

Page 4 of 6

Meritless motion practice has a significant cumulative effect of clogging the process of the court and burdening judges and staff to the detriment of other litigants. *Support Systems Intern., Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). As such, courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. *Id.; see also Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). **In that vein, Plaintiff is WARNED that should he file any further frivolous motions in this case, the motion will be stricken, and he may face sanctions**.

### PETITIONS FOR MANDAMUS

Plaintiff has filed two petitions seeking a writ of mandamus. (Doc. 2, 13). Two different federal statutes govern writs of mandamus. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Neither statute grants federal courts the authority to grant mandamus relief against state officials. *See Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials."). Under Section 1361, federal mandamus jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." 28 U.S.C. § 1361. Section 1651 also does not vest the Court with jurisdiction to issue writs of mandamus against state officials and only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). Thus, this Court lacks jurisdiction to issue a writ of mandamus against the Defendants, and Plaintiff's petitions are **DENIED** without prejudice. *See Banks v. People of Ill.,* 258 F. App'x 902, 902 (7th Cir. 2007).

## DISPOSITION

The Amended Complaint (Doc. 12) and this entire case are **DISMISSED with prejudice** for failure to state a claim for relief. Plaintiff is **ADVISED** that the Court considers this dismissal as a "strike" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

All pending motions and the petitions for mandamuses are **DENIED**. (Doc. 2, 3, 4, 5, 13, 14, 15, 16, 18, 19, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 35, 36, 37, 38, 39, 44, 45, 46, 47, 50, 52, 53). Plaintiff is **WARNED** that he may face sanctions if he continues to file motions that are frivolous.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 20, 2026**

          *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**